No.  7400.

EMELINE  BYNUM  VS.  W.  S.  CALHOUN,  ADMR.

Where the public records have been entirely destroyed, parol proof must of necessity
be resorted to for the establishment of title to land.

The signature of the receiver of the Land Office to certified copies of receiver's receipts
need not be proved.  He is a public officer in custody of the original records, and is
authorized to certify copies of them.

The register of the land office has no authority to certify to facts as appearing by his
records.  He can certify copies of those records.

The Surveyor General of the State has no authority to certify copies of the "American
State Papers," a printed volume issued by the Congress of the United States.

A naked possessor without a shadow of title cannot prescribe in less than thirty years.

APPEAL from  the  District  Court  for  Grant.   R.  P.  HUNTER,  Judge
*ad hoc.*

*R.  A.  Hunter* and *Bowman* for  Plaintiff.   *Cazabat* for Defendant
Appellant.

SPENCER,  J.   This is a petitory action to recover a tract of land now
in Grant Parish, formerly in Rapides.   The records of Rapides Parish
were all destroyed by fire in 1864, and  those of  Grant twice burned,
in 1873 and 1877.   The  evidence is therefore in the main secondary.

State ex rel. Young *vs.* Judge.

The land is shown to have been entered in 1831 by Isaac Baldwin by certified copies of the U. S. Register's receipts, and to have been sold at Baldwin's succession sale by a deed to W. H. Bynum, and to have been sold under a judgment against him when Jesse A. Bynum bought in 1858. The fact of the adjudication to him at that sale is proved by parol. From him the plaintiff derives title by a purchase at his succession sale in Rapides in 1869 and that deed is, therefore, produced. In such cases as this where the total and entire destruction of the public records has occurred, parties must of necessity resort to proof other than copies of public records. It is shown that Jesse Bynum had possession. We are satisfied he was purchaser.

The defendant objected to the introduction in evidence of certified copies of the receiver's receipts for want of proof of his signature. It was not necessary. He was a public officer of the U. S. in custody of the original records and authorized to make and certify copies. Defendant offered a certificate by the Register that it appeared by the records of his office that in 1832 a part of this land had been again entered by one Baillio, which was properly ruled out on the ground that the Register had no authority to certify to facts appearing by his records, but only to copies from his office. He also offered a certified extract by the Surveyor-General of this State from the American State Papers. He has no authority to certify copies of those papers which are a printed volume issued by Congress. Defendant is a naked possessor without a shadow of title, and has not possessed thirty years. Besides suits were instituted against his intestate in 1859 and 1866 for this land which were burnt.

The Chief Justice is recused, having been of counsel.

*Judgment affirmed.*